UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
BOARD OF EDUCATION OF THE          :
YORKTOWN CENTRAL SCHOOL            :
DISTRICT,                          :
                Plaintiff,    :
                          :
v.                                 :
                          :
C.S. and S.S., individually and on behalf of :
M.S., a minor,                     :
                Defendants.  :
--------------------------------------------------------------x

**OPINION AND ORDER**

17 CV 6542 (VB)

Briccetti, J.:

       Plaintiff Board of Education of the Yorktown Central School District (the "District")

brought this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20

U.S.C. § 1400, seeking to reverse the decision of a State Review Officer ("SRO") that ordered

the District to provide reimbursement of tuition paid by defendants for their child's private

school education.  By Opinion and Order dated January 23, 2019, this Court upheld the SRO's

decision (Doc. #35), and the Second Circuit subsequently affirmed (Doc. #41).

       Now pending is defendants' motion for an award of attorneys' fees and costs pursuant to

20 U.S.C. § 1415(i)(3), in the amount of $307,475.70.  (Doc. #44).

       For the reasons set forth below, the motion is GRANTED to the following extent:  the

Court awards reasonable attorneys' fees in the amount of $220,034.25 and costs in the amount of

$1,391.81, for a total award of $221,426.06.

       The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 20 U.S.C.

§ 1415(i)(3)(A).

**BACKGROUND**

The Court presumes the parties' familiarity with the factual background and summarizes only the relevant factual allegations and procedural history below.

On September 26, 2016, C.S. and S.S., the parents ("Parents") of M.S., a child with a disability, represented by the Cuddy Law Firm, PLLC ("CLF"), submitted a due process complaint about M.S.'s individualized education program ("IEP").  In the complaint, the Parents alleged the District failed to provide M.S. with a free appropriate public education ("FAPE") for the 2016–2017 school year.  The Parents argued Eagle Hill School ("Eagle Hill"), which M.S. attended the prior year, was a more appropriate placement for M.S.  As relief, the Parents sought reimbursement for tuition and fees for Eagle Hill for the 2016–2017 school year.

During a resolution meeting on October 7, 2016, the District claimed the 12:1+1 class size provided for in the IEP was a mistake, and the IEP should have provided for a class size of 15:1+1.  The District subsequently mailed a revised IEP to the Parents reflecting the 15:1+1 class size, which the parents received on November 1, 2016.

On December 5, 2016, the Parents filed a second due process complaint alleging denial of a FAPE for M.S. based on the second IEP.

An impartial hearing officer ("IHO") found in favor of the District.  However, on appeal, the SRO reversed, finding the District denied M.S. a FAPE and granting the Parents' request for tuition reimbursement.

The SRO's decision was affirmed by this Court, Bd. Educ. Yorktown Cent. Sch. Dist. v. C.S. and S.S. ex rel. M.S., 357 F. Supp. 3d 311 (S.D.N.Y. 2019), and by the Second Circuit, Bd. Educ. Yorktown Cent. Sch. Dist. v. C.S. ex rel. M.S., 990 F.3d 152 (2d Cir. 2021).

A number of CLF attorneys and paralegals performed work for Parents in this case.  The billing records submitted by Parents reflect work by CLF senior attorneys Adrienne Arkontaky, Jason Sterne, and Andrew Cuddy; associate attorneys Kerry McGrath, Benjamin Kopp, Francesca Adamo, Alison Morris, Joseph Sulpizio, and Mark Gutman; and paralegals Amanda Ford, Brian Lovett, Carmen Barton, Emma Bianco, and Theresa Ciemniecki.

The Parents seek $304,772.50 in attorneys' fees and $2,703.20 in costs, for a total of $307,475.70.

## DISCUSSION

I.     <u>Attorneys' Fees</u>

In an action brought under the IDEA, prevailing parents may be entitled to "reasonable attorneys' fees."  20 U.S.C. § 1415(i)(3)(B)(i)(I).[1]

In determining the amount of reasonable attorneys' fees, the Second Circuit follows a "presumptively reasonable fee" approach.  <u>See</u> <u>Simmons v. N.Y.C. Transit Auth.</u>, 575 F.3d 170, 172 (2d Cir. 2009).[2]  That is, the Court must "determin[e] a reasonable hourly rate by considering all pertinent factors . . . , and then multiplying that rate by the number of hours reasonably expended to determine the presumptively reasonable fee."  <u>Lilly v. City of New York</u>, 934 F.3d 222, 230 (2d Cir. 2019).  "It is only after this initial calculation of the presumptively reasonable fee is performed that a district court may, in extraordinary circumstances, adjust the . . . fee when it does not adequately take into account a factor that may properly be considered."  <u>Id</u>.

---

[1]     The parties agree the Parents are "prevailing parties."  (Doc. #51, at 1).

[2]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

A reasonable hourly rate is a rate that "a paying client would be willing to pay." Arbor

Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir.

2008).  Moreover, courts must also consider:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 186 n.3 (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 718–19 (5th Cir.

1974)).  A district court need not make specific findings as to all twelve factors, "provided that it

takes each into account in setting the attorneys' fee award." E.F. ex rel. N.R. v. N.Y.C. Dep't of

Educ., 2014 WL 1092847, at *3 (S.D.N.Y. Mar. 17, 2014).

In determining the number of hours reasonably expended on a case, the Court should

The burden is on the prevailing party to show "that the requested rates are in line with

those prevailing in the community for similar services by lawyers of reasonably comparable

skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).  In addition,

courts "may . . . tak[e] judicial notice of the rates awarded in other cases, the court's own

familiarity with the prevailing rates in the district, and consideration of the evidence submitted

by the parties." E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ., 2014 WL 1092847, at *2.

In determining the number of hours reasonably expended on a case, the Court should

exclude hours that are "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart,

461 U.S. 424, 434 (1983).  "Attorneys applying for court-ordered compensation must document

the application with time records:  these records should specify, for each attorney, the date, the

hours expended, and the nature of the work done." Kahlil v. Original Old Homestead Rest., Inc.,

657 F. Supp. 2d 470, 477 (S.D.N.Y. 2009).  "To determine the reasonableness of hours spent on

a matter, 'the district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award' by a reasonable percentage." H.W. v. N.Y.C. Dep't of Educ., 2022 WL 541347, at *4 (S.D.N.Y. Feb. 23, 2022) (quoting Hensley v. Eckerhart, 461 U.S. at 436–37); see also McDonald v. Pension Plan of the NYSA-ILA Pension Tr. Fund, 450 F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.").

District courts are "afford[ed] . . . broad discretion in awarding attorneys' fees," including "determin[ing] what is reasonable and appropriate in the fee calculus for the particular case." Lilly v. City of New York, 934 F.3d at 234.  This includes the "authority and discretion to award attorney's fees for hours expended on a fee application."  Id. at 235.

Ultimately, the most important factor in determining a reasonable attorneys' fee is "the degree of success obtained."  See Farrar v. Hobby, 506 U.S. 103, 114 (1992).  This analysis is not limited to whether a party prevails on each individual claim.  Rather, the "quantity and quality of relief obtained, as compared to what the [party] sought to achieve as evidenced in [their] complaint, are key factors in determining the degree of success achieved."  Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008).

A.      Reasonable Hourly Rates

The Parents seek the following hourly rates for its attorneys:  $550 for Arkontaky, $525 ($550 for services during 2019) for Cuddy and Sterne, $400 ($425 for services during 2019) for McGrath, $250 for Adamo, $425 for Kopp, $350 for Gutman, $350 for Morris, and $300 for Sulpizio.  The Parents also seek $225 per hour for work performed by five paralegals.

Having considered all the pertinent factors in this case, including the Court's own familiarity with the prevailing rates in this district, the Court finds that the reasonable hourly

rates for the CLF professionals are as follows:  $425 for Arkontaky, Cuddy, and Sterne; $350 for McGrath; $280 for Morris, Sulpizio, and Gutman; $225 for Adamo and Kopp; and $125 for the five paralegals.

      1.    <u>Arkontaky, Cuddy, and Sterne</u>

The reasonable hourly rate for attorneys Arkontaky, Cuddy, and Sterne is $425.

"The prevailing market rate for experienced, special-education attorneys in the New York area <u>circa</u> 2018 is between $350 and $475 per hour."  <u>R.G. v. N.Y.C. Dep't of Educ.</u>, 2019 WL 4735050, at *2 (S.D.N.Y. Sept. 26, 2019); <u>see also</u> <u>C.D. v. Minisink Valley Cent. Sch. Dist.</u>, 2018 WL 3769972, at *6 (S.D.N.Y. Aug. 9, 2018) (collecting cases and setting a rate of $400 per hour for Cuddy and Sterne).  An analysis of the <u>Johnson</u> factors supports a reasonable hourly rate at the higher end of this range.  Arkontaky, Cuddy, and Sterne have all extensively practiced in this field, with over eighteen, twenty, and fourteen years of special education law experience, respectively.  This action presented novel and difficult issues, involved substantial and contested proceedings at the administrative, district court, and circuit court levels, and most significantly, CLF procured a favorable result for the Parents.  Therefore, in an exercise of its discretion, the Court finds that $425 for attorneys Arkontaky, Cuddy, and Sterne is a reasonable hourly rate.

      2.    <u>McGrath</u>

The reasonable hourly rate for attorney McGrath is $350.

An analysis of the <u>Johnson</u> factors supports an upward adjustment on the range typically awarded in this district for mid-level associates performing special education work.  <u>See, e.g.</u>, <u>A.B. v. N.Y.C. Dep't of Educ.</u>, 2021 WL 951928 (S.D.N.Y. Mar. 13, 2021) (finding a $280 hourly rate reasonable for an associate with six years' experience in special education work); <u>M.D. v. N.Y.C. Dep't of Educ.</u>, 2018 WL 4386086 (S.D.N.Y. Sept. 14, 2018) (awarding $280

per hour for services by mid-level associates).  Billing over 540 hours to the Parents' action, McGrath billed far more time than any other CLF professional.  McGrath has more than eight years of special education law experience and the Parents provided retainers and billing records demonstrating two other clients agreed to pay $400 and $425 per hour, respectively, for McGrath's services.  As discussed above, this was a complex and lengthy action in which CLF obtained a favorable result for the Parents.  Accordingly, given McGrath's exclusive focus on special education law, her sustained attention to the Parents' case, and the successful outcome for the Parents, the Court finds that $350 is a reasonable hourly rate for attorney McGrath.

3.    Morris and Sulpizio

The reasonable hourly rate for attorneys Morris and Sulpizio is $280.[3]

Courts in this district regularly award up to $275 per hour for associates with up to three years of special education experience and $280 per hour for mid-level associates, including those with six years' experience in special education work.  See, e.g., C.D. v. Minisink Valley Cent. Sch. Dist., 2018 WL 3769972, at *7 (collecting cases);  A.B. v. N.Y.C. Dep't of Educ., 2021 WL 951928, at *5–6;  M.D. v. N.Y.C. Dep't of Educ., 2018 WL 4386086, at *3.  Morris has practiced special education law for five years and Sulpizio has practiced law for five and a half years, with an exclusive focus in special education law since 2017.  For these and the reasons discussed above, the Court determines that a reasonable hourly rate for attorneys Morris and Sulpizio is $280 under the Johnson factors.

---

[3]    The District's argument that Sulpizio's out-of-state registration and admission disqualifies him from attorney-level fees is misplaced.  "[A]n out-of-state attorney admitted to practice in any federal court may appear in a specific federal case, and recover fees, if he collaborates with a New York attorney."  Brooks v. Cohen, Jayson & Foster, P.A., 2010 WL 3528919, at *4 (S.D.N.Y. Aug. 26, 2010).

4.      Adamo, Kopp, and Gutman

The reasonable hourly rate for attorneys Adamo and Kopp is $225, and the reasonable

hourly rate for attorney Gutman is $280.

"For associates with three or fewer years of experience in [special education] litigation,

courts in this District have typically approved rates of $150–$275." C.D. v. Minisink Valley

Cent. Sch. Dist., 2018 WL 3769972, at *7 (collecting cases).  Here, Adamo, Kopp, and Gutman

each have three years of special education litigation experience.  Gutman's work on this matter

also required more general litigation work in support of the fee motion.  As discussed above, this

matter involved complex proceedings and a successful outcome for the Parents.  Accordingly,

the Court determines a reasonable hourly rate for these attorneys near (and for attorney Gutman,

exceeding) the upper range awarded in comparable cases is appropriate.

5.      Paralegals

The reasonable hourly rate for the five paralegals is $125.

"Paralegals, depending on skills and experience, have generally garnered between $100

and $125 per hour in IDEA cases in this District." R.G. v. N.Y.C. Dep't of Educ., 2019 WL

4735050, at *3.  The CLF paralegals have significant experience in the field of special education

litigation and special needs planning.  S.J. v. N.Y.C. Dep't of Educ., 2020 WL 6151112, at *5

(S.D.N.Y. Oct. 20, 2020).  Thus, the Court finds an hourly rate of $125 is reasonable.

B.      Reasonable Hours

Having considered all the relevant factors in this case, the Court finds that the number of

hours reasonably expended by the CLF attorneys and paralegals is somewhat lower than the

hours requested.  Accordingly, the Court reduces the hours by ten percent for the underlying

action and twenty percent with respect to the fee motion.

8

1.      Clerical/Administrative Tasks

First, CLF's billing records indicate attorneys engaged in certain clerical or administrative tasks.  Time billed for purely clerical or administrative tasks is not reimbursable. Kahlil v. Original Old Homestead Rest., 657 F. Supp. 2d at 477.  For example:  On October 24, 2016, attorney McGrath billed 1.50 hours to "review of file" and "organiz[ing] documents"; on November 11, 2016, December 9, 2016, and March 10, 2017, she billed 1.6 hours for emails related to scheduling; on June 15, 2017, she billed 0.1 hours to serve and file a document by mail; on October 4, 2017, she billed 0.2 hours to file documents on ECF; and on March 30, 2018, she billed 0.1 hours to compile courtesy copies.  (Doc. #44-2).

2.      Deficient Billing Entries

Second, CLF's billing records contain inconsistencies.  For example, on February 23, 2017, attorney McGrath billed 0.3 hours to a "[s]trategy session with [attorney Arkontaky]" without a corresponding Arkontaky entry; on April 14, 2017, attorney Cuddy billed 0.3 hours to "phone call with [attorney McGrath]" without a corresponding McGrath entry; and on May 13, 2019, attorney McGrath billed 0.3 hours to a "[p]hone call with JS" without a corresponding Sterne (or other attorney or paralegal) entry.  The District identifies a January 28, 2019, entry by attorney Cuddy for 0.1 hours where the billing narrative indicates a "NC" (i.e., no charge) entry, but a fee is nonetheless charged for the time.  Because deficient entries preclude the Court from determining whether each attorney reasonably expended their time, the Court "may reduce the number of compensable hours for vagueness, inconsistencies, and other deficiencies in the billing records."  M.D. v. N.Y.C. Dep't of Educ., 2018 WL 4386086, at *4.

3.    Travel Time

Third, the Court declines to award fees for unreasonable travel time.  "[I]t is doubtful that a reasonable client would retain an Auburn[, New York,] . . . attorney over a New York City attorney if it meant paying New York City rates and an additional five hours in billable time for each trip." J.R. v. N.Y.C. Dep't of Educ., 2021 WL 3406370, at *6 (S.D.N.Y. Aug. 4, 2021). Therefore, reimbursable fees for attorneys Cuddy and Sterne's travel to and from New York City on December 4 and December 5, 2019, shall be reduced to one hour each way.  See, e.g., H.W. v. N.Y.C. Dep't of Educ., 2022 WL 541347, at *5; V.W. v. N.Y.C. Dep't of Educ., 2022 WL 37052, at *7 (S.D.N.Y. Jan. 4, 2022).  The remaining four hours of billable travel are reimbursable at the $425 reasonable hourly rate.

4.    Degree of Success

Fourth, the Court declines to reduce the fee award on the basis that CLF expended hours on claims that did not ultimately prevail.  That the Parents did not prevail on every claim does not detract from the "quantity and quality of relief obtained." Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d at 152.  Accordingly, the Court declines to reduce the award on that basis. See M.D. v. N.Y.C. Dep't of Educ., 2018 WL 4386086, at *5.

For the reasons described above, the Court determines a ten percent reduction in the billable hours incurred in the underlying action, as well as a reduction for travel time, is reasonable and appropriate, as set forth below.

| Administrative Proceedings and Federal Action | | | |
|---|---|---|---|
| Attorney | Awarded Hourly Rate | Awarded Hours | Awarded Total |
| Adrienne Arkontaky, Esq. | $425.00 | 0.72 | $306.00 |
| Alison Morris, Esq. | $280.00 | 2.52 | $705.60 |
| Andrew Cuddy, Esq. | $425.00 | 12.33 | $5,240.25 |
| Andrew Cuddy, Esq. (2019) | $425.00 | 27.18 | $11,551.50 |
| Benjamin Kopp, Esq. | $225.00 | 0.45 | $101.25 |
| Francesca Adamo, Esq. | $225.00 | 0.63 | $141.75 |
| Jason Sterne, Esq. | $425.00 | 3.42 | $1,453.50 |

| | | | |
|---|---|---|---|
| Jason Sterne, Esq. (2019) | $425.00 | 28.18 | $11,976.50 |
| Kerry McGrath, Esq. | $350.00 | 361.88 | $126,658.00 |
| Kerry McGrath, Esq. (2019) | $350.00 | 128.88 | $45,108.00 |
| **AWARDED ATTORNEY FEES** | | 566.29 | **$203,277.35** |

| Paralegal | Awarded Hourly Rate | Awarded Hours | Awarded Total |
|---|---|---|---|
| Amanda Ford | $125.00 | 0.27 | $33.75 |
| Brian Lovett | $125.00 | 7.02 | $877.50 |
| Carmen Barton | $125.00 | 0.36 | $45.00 |
| Emma Bianco | $125.00 | 1.17 | $146.25 |
| Theresa Ciemniecki | $125.00 | 4.32 | $540.00 |
| **AWARDED PARALEGAL FEES** | | 13.14 | **$1,642.50** |

     5.   <u>Fee Motion</u>

The Court finds the number of hours expended on the fee motion reflects inefficient staffing and warrants a greater reduction than applied to the fees for the underlying action. Arkontaky and Cuddy billed approximately forty percent of the submitted hours.  "The legal basis for fee petitions is well-plowed acreage," <u>B.B. v. N.Y.C. Dep't of Educ.</u>, 2018 WL 1229732, at *3 (S.D.N.Y. Mar. 8, 2018), and more of this work could have been performed by a junior associate.  <u>E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ.</u>, 2014 WL 1092847, at *5. Therefore, the Court determines to reduce the billable hours submitted for the fee motion by twenty percent, as set forth below.

| Fee Motion | | | |
|---|---|---|---|
| Attorney | Awarded Hourly Rate | Awarded Hours | Awarded Total |
| Adrienne Arkontaky, Esq. | $425.00 | 10.8 | $4,590.00 |
| Andrew Cuddy, Esq. | $425.00 | 5.28 | $2,244.00 |
| Joseph Sulpizio, Esq. | $280.00 | 9.52 | $2,665.60 |
| Mark Gutman, Esq. | $280.00 | 14.16 | $3,964.80 |
| **AWARDED ATTORNEY FEES** | | | **$13,464.40** |

| Paralegal | Awarded Hourly Rate | Awarded Hours | Awarded Total |
|---|---|---|---|
| Amanda Ford | $125.00 | 13.2 | $1,650.00 |
| **AWARDED PARALEGAL FEES** | | | **$1,650.00** |

II.    Costs

The Court declines to award the full amount of the requested copying costs, lodging costs, and transportation costs.

"A district court may award reasonable costs to the prevailing party in IDEA cases." C.D. v. Minisink Valley Cent. Sch. Dist., 2018 WL 3769972, at *12 (citing 20 U.S.C. § 1415(i)(3)(B)(i)(I)).  Reimbursable costs comprise "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."  Kahlil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d at 478.

Consistent with other courts in this district, only $0.10 per page in printing and copying expenses is appropriate.  See, e.g., H.A. v. N.Y.C. Dep't of Educ., 2022 WL 580772, at *11 (S.D.N.Y. Feb. 25, 2022);  R.G. v. N.Y.C. Dep't of Educ., 2019 WL 4735050, at *6;.

Moreover, the Court agrees with the District that awarding $554.66 for one night of lodging in New York City for attorney Cuddy is unreasonable.  "A reasonable client, in the Court's judgment, would not agree to pay in-district attorney rates while also paying for extensive lodging expenses necessitated by out-of-district attorneys' travel." C.D. v. Minisink Valley Cent. Sch. Dist., 2018 WL 3769972, at *13.  The Court therefore denies the Parents' request for any lodging costs.

For similar reasons, the Court determines that CLF's costs for transportation, including to and from their offices and New York City, are excessive.  However, a reasonable client, in the Court's judgment, would expect some amount of travel by his attorneys to and from administrative and court proceedings.  Accordingly, the Parents' reimbursement for transportation costs is limited to thirty percent of the amount requested.  See V.W. v. N.Y.C. Dep't of Educ., 2022 WL 37052, at *7 (S.D.N.Y. Jan. 4, 2022).

The awarded costs are set forth below.

| Costs and Expenses | Awarded Total |
|---|---|
| Copies (per page) | $0.10 |
| Postage | $31.87 |
| Meals | $10.49 |
| Lodging | $0.00 |
| FedEx | $80.89 |
| Other | $997.74 |
| Transportation | $195.92 |
| **AWARDED COSTS** | **$1,391.81** |

## CONCLUSION

The motion for attorneys' fees and costs is GRANTED to the following extent:

Defendants are awarded $220,034.25 in reasonable attorneys' fees and $1,391.81 in costs, for a

total award of $221,426.06.

The Clerk is instructed to enter Judgment in defendants' favor in that amount.

The Clerk is further instructed to terminate the motion.  (Doc. #44).

Dated:  March 21, 2022
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge